**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 10 2014, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW K. HAGENBUSH**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSHUA BATCHELOR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1306-CR-259 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable James D. Humphrey, Special Judge
Cause No. 15D01-0205-FB-11

**January 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Defendant Joshua Batchelor pled guilty to three counts of burglary and received an aggregate sentence of twenty years, ten years of which were suspended to probation. Appellee-Plaintiff the State of Indiana subsequently filed a notice of probation violation. At the hearing on the notice, Batchelor agreed to withdraw and dismiss all credit time claims with prejudice as part of a probation revocation agreement reached with the State. Batchelor later filed a number of motions for credit time, the denials of three of which form the bases for his appeal. Concluding that Batchelor waived these claims as part of his probation revocation agreement, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On October 8, 2002, Batchelor pled guilty to three counts of burglary, two Class B felonies and one Class C felony, and received an aggregate sentence of twenty years, ten years of which were suspended to probation. On October 18, 2011, the State filed a notice of probation violation. On January 17, 2013, the trial court held a hearing on the notice of probation violation. At the hearing, Batchelor admitted to violating the terms of his probation, and the parties discussed an agreement they had entered into regarding disposition. At one point, the trial court asked, "Are you agreeing…is it the parties' agreement I should say that any other credit time issues regarding 15D01-0205-FB-011 are withdrawn with prejudice…is that the agreement?" Tr. p. 44. The prosecutor, Batchelor, and Batchelor's trial counsel all replied, "Yes, sir." Tr. p. 44. The trial court clarified, saying, "I will show as part of this global agreement that any previous issues raised regarding credit time in Cause

No. FB-011 are withdrawn with prejudice[.]" Tr. p. 45. The trial court accepted the parties' agreement and ordered that four years and 243 days of Batchelor's previously suspended sentenced be executed. On April 4, 2013, Batchelor filed three motions to correct erroneous sentence, all of which alleged erroneous denial of credit time. On May 6, 2013, the trial court denied all three of Batchelor's motions to correct erroneous sentence.

## DISCUSSION AND DECISION

Batchelor concedes that he agreed to withdraw and dismiss all credit time issues with prejudice as part of his probation revocation agreement but requests that we consider the significant lengths to which he has gone to point out alleged errors in his sentence. In our view, however, Batchelor's agreement regarding his probation revocation is analogous to a plea agreement, and it is well-settled that "a plea agreement is a contract, 'an explicit agreement between the State and defendant,' which, if accepted by the trial court, is binding upon all parties." *Bethea v. State*, 983 N.E.2d 1134, 1144 (Ind. 2013) (citation omitted). Batchelor cannot now raise issues regarding the allegedly erroneous denial of credit time in this cause number.

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.